IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01397-WYD-CBS

CHRISTINE ORTEGA,

        Plaintiff,

v.

SOUTHERN COLORADO CLINIC, P.C.,

        Defendant.

_____

PROTECTIVE ORDER
_____

This matter comes before the Court on the parties' Stipulated Motion for Protective Order. The Court has reviewed the Motion and ORDERS as follows:

1. In connection with this civil action, the parties have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing documents, testimony, and other information that contains or may contain sensitive, nonpublic personal, student, personnel, employment, private, medical, financial or proprietary, information (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such Confidential Information while preserving it from unauthorized, unnecessary disclosure.

2. Moreover, because of Plaintiff's prior position at Southern Colorado Clinic, Plaintiff had access to and has provided certain documents containing protected health information of patients of Southern Colorado Clinic during the course of this civil action. The Court is further entering this Order to protect the protected health information of Southern Colorado Clinic's patients.

3. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5. Any party who provides, serves, discloses or files any nonpublic documents or information, and who believes such documents or information contain Confidential Information, may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Information" subject to this Protective Order. The parties understand that any designation of "Confidential Information" under this Protective Order will be subject to the requirements in Fed. R. Civ. P. 26(c)(1).

6. Any information that has been previously disclosed within this matter may be designated as "Confidential" by the non-disclosing party if such documentation contains medical record and/or protected health information of persons other than Plaintiff. On such documentation, any and all medical record and/or protected health information shall be redacted. The party designating such as "Confidential" shall provide redacted copies to the other party and the other party must return any and all non-redacted copies of such information to Southern Colorado Clinic immediately. The purpose of this provision is to protect any and all medical record and/or protected health information that is not Plaintiff's from further unauthorized disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996.

7.. Confidential Information shall be subject to the following restrictions. Confidential Information shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever,

and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

    (c)    the parties and designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

    (h)    and other persons by written agreement of the parties who execute the attached Exhibit A.

    8.    No Confidential Information shall be disclosed to anyone other than the named parties in this litigation or their counsel until said person first signs an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any Confidential Information to any person listed in paragraph 5 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be

bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

10. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent that copies are required to prepare the case for trial, depositions or expert examination. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Information by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

11. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Information confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information

by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

12.     Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

13.     A party may object to the designation of particular documents as Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

14.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of

record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Information shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

15.     A party may designate documents produced after the date of this Protective Order as "CONFIDENTIAL" at any time within thirty days from production or within thirty days from the date of this Protective order. A party may designate documents produced prior to the date of this Protective Order as "Confidential" at any time within thirty days from the date of this Protective Order. Such designation thereof shall be made in writing and accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to the confidential designation shall honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after date of designation.

16.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as confidential shall be returned to the party that designated it confidential, or the parties may elect to destroy confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

17.     Stamped confidential documents shall be filed with the Court in accordance with D.C.COLO.LCivR. 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." A party seeking to file with the Court any Confidential Information that has been designated by the other party may request that the designating party provide the information

required by D.C.COLO.LCivR 7.2(B) by notifying counsel for the designating party in writing at least ten business days before the filing is to occur.  If such a request is made, counsel for the designating party shall, within five business days, respond in writing providing the information required by D.C.COLO.LCivR 7.2(B).  If no such timely request is made, the party seeking to file the Confidential Information must in good faith provide the information required by D.C.COLO.LCivR 7.2(B).  Prior to disclosure at trial or a hearing regarding Confidential Information, the parties may seek further protections against public disclosure from the Court.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

19. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated at Denver, Colorado this 15th day of April, 2014.

BY THE COURT:

s/Craig B. Shaffer
U. S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01397-WYD-CBS

CHRISTINE ORTEGA,

      Plaintiff,

v.

SOUTHERN COLORADO CLINIC, P.C.,

      Defendant.

_____

EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT
_____

      I, _____, the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

      My current address and telephone number is: _____

_____

_____
Signature

STATE of _____    )
                                  )ss.
COUNTY of _____    )

      The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of _____, 20__.

      Witness my hand and official seal.

[seal]

_____
Notary Public

My commission expires:_____