IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-01397-WYD-CBS

CHRISTINE ORTEGA,

 Plaintiff,

v.

SOUTHERN COLORADO CLINIC, P.C.,

 Defendant.

**ORDER ON SUMMARY JUDGMENT**

I. INTRODUCTION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (ECF No. 32).  Defendant Southern Colorado Clinic moves for summary judgment on Plaintiff Christine Ortega's employment discrimination claims.  After carefully considering the parties' briefs and applicable legal authorities, I grant the motion.

Plaintiff Ortega ("Ortega") asserts four claims against Defendant Southern Colorado Clinic ("SCC"), her former employer, based on her termination from employment:  (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"); (2) failure to provide reasonable accommodation in violation of the Colorado Antidiscrimination Act ("CADA"); (3) intentional infliction of emotional distress; and (4) negligent hiring, retention, and supervision.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Adamson v. Multicommunity Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008); see Fed. R. Civ. P. 56(c). A fact is material if, under the governing law, it could affect the outcome of the suit. *Id.* A dispute is genuine if a rational jury could find for the nonmoving party on the issue. *See id.* In applying the standard, the court considers the factual record in the light most favorable to the nonmoving party without weighing the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A mere scintilla of evidence in support of the nonmovant's position is insufficient to create a genuine dispute of fact. *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). Nor do unsupported conclusory allegations create a genuine dispute of fact. *See Mackenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). In particular, when the nonmoving party will bear the burden of proof at trial, that party must designate specific facts in order to establish the existence of a material issue of fact and survive summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## III. ANALYSIS

SCC contends that no genuine issue of material fact exists as to Ortega's claims, and that it is entitled to summary judgment as a matter of law. Alternatively, Ortega asserts that genuine issues of material fact exist, requiring that the summary judgment motion be denied. I address the facts I find relevant in connection with my analysis of

the claims.

      A.    <u>Whether Ortega is Disabled Under the ADA and CADA</u>

SCC first argues that Ortega was not disabled under the ADA, as amended by the ADAAA, during her employment with Defendant. That is because, according to SCC, Ortega's asserted disability did not and does not substantially limit any major life activity.

The following facts are either undisputed or taken as true, viewing the record in the light most favorable to Plaintiff.

On August 31, 2011, Ortega began her employment with SCC as a medical coder. On November 3, 2011, Ortega was diagnosed with fibromyalgia. Ortega also has a medical condition known as interstitial cystitis. Ortega informed her supervisors about her fibromyalgia. On April 27, 2012, Ortega was terminated from her employment at SCC.

Ortega claims that her fibromyalgia causes her "chronic widespread severe musculoskeletal pain and severe loss of sleep, resulting in only 2-3 hours of rest at night." (Resp. Mot. Summ. J. at 19). Ortega testified that she experiences daily "pain throughout her whole body" and occasional dizziness and blurriness. (Resp. Mot. Summ. J., Ex. 2, 96:1-13). However, Ortega also testified that she is capable of working and that her fibromyalgia does not often interfere with her ability to work. (Resp. Mot. Summ. J., Ex. 2, 84:1-25). In fact, Ortega testified that she chose not to pursue disability benefits because she is "capable of working." (Resp. Mot. Summ. J., Ex. 2, 83:4-17).

Turning to my analysis, to state a prima facie case of discrimination under the

ADA, Ortega must establish that: (1) she is disabled; (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) her employer discriminated against her because of her disability. *Robert v. Bd. of County Comm'rs of Brown County.*, 691 F.3d 1211, 1216 (10th Cir. 2012). To be disabled within the meaning of the ADA, Ortega must show: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010); 42 U.S.C. § 12102(2) (2012).

To establish a physical or mental impairment that substantially limits one or more major life activities, "a plaintiff must articulate with precision both her impairment and the major life activity it substantially limited." *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1218 (10th Cir. 2010) (internal citations omitted). "An impairment is substantially limiting when it renders an individual either unable or significantly restricted in her ability to perform a major life activity compared to the average person in the general population." *Id.* (internal citations omitted). Three factors govern whether an impairment substantially limits a major life activity: "'(1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact or the expected permanent or long term impact of or resulting from the impairment.'" *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1145 (10th Cir. 2011) (quoting *Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1130 (10th Cir. 2003)). Though "substantially limits" is a less demanding standard post-ADAAA, "not every impairment will constitute a disability within the

meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii) and (iv).

I agree with SCC that summary judgment is appropriate on the ADA claim because Ortega has not shown that her fibromyalgia or interstitial cystitis substantially limits any major life activity. Even though Ortega claims that her impairments substantially limit her ability to see, learn, read, concentrate, think, and work, her uncontroverted testimony is that her health conditions did not affect her work as a medical coder. Despite any symptoms she experienced from her medical conditions, Ortega was able to continue working without any substantial problems from November 2011 through April 2012. Moreover, Ortega failed to present evidence of how her difficulties compare to those of an average person in the general population. *See Johnson*, 594 F.3d at 1218.

Ortega does submit evidence, however, that she was substantially limited in the area of sleep due to her fibromyalgia. The record includes three references concerning Ortega's sleep. Ortega's April 17, 2012 medical chart provides that Ortega "gets approximately three-to-four hours of nonrestorative sleep." (Resp. Mot. Summ. J., Ex. 1, 36-1). However, at a follow-up visit with Dr. Steven Milligan, Ortega reported sleeping through the night with the assistance of a sleep aid. (Resp. Mot. Summ. J., Ex. 1, 36-1). On June 1, 2012, Ortega reported to Dr. Milligan that she was "now not sleeping through the night." (Resp. Mot. Summ. J., Ex. 1, 36-1). Even if I assume that this evidence shows that Ortega's sleeping was limited, I find that Ortega was not under a disability as defined by the ADA during her employment with SCC or at the time of her termination.

Sleeping is recognized as a major life activity under the ADA. 42 U.S.C.

§ 12102. While Ortega testified that she he had trouble sleeping because of her medical conditions, she did not present any evidence, "as she must, suggesting how her difficulties sleeping compare to those of the average person in the general population (many of whom, of course, have nightmares or trouble sleeping)." *Johnson*, 594 F.3d at 1218 n.10.

Ortega cites the recent Tenth Circuit opinion of *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530 (10th Cir. 2014) in support of her argument that her sleeping problems would allow a jury to conclude that her sleep was substantially limited compared to the average person. I disagree and find *Smothers* distinguishable from the facts of this case. In *Smothers*, the Tenth Circuit highlighted its past decisions[1] in which it held that sleeping difficulties did not give rise to an inference of disability and explained that "plaintiffs in those cases failed to produce evidence about the duration or severity of their impairments." *Id.* at 546 n.17. The Court further noted that its departure in *Smothers* was based on Smothers' extensive record evidence including more than a dozen medical visits for inability to sleep due to pain despite multiple prescription sleep aids. "Mr. Smothers' documented medical history shows his sleeping issues have been virtually intractable and limiting for years despite numerous treatment efforts. A jury could therefore reasonably conclude that his impairment is sufficiently permanent or long term to qualify as a disability." *Id.*

---

[1] *See Johnson v. Weld County.*, 594 F.3d 1202, 1218 n.10 (10th Cir. 2010) (lack of record evidence prevented disability determination based on plaintiff's difficulty sleeping); *see Humbles v. Principi*, 141 Fed. Appx. 709, 712 (10th Cir. 2005) (unpublished) (plaintiff who claimed to get four to five hours of sleep per night "failed to present any evidence" of substantial limitation).

Here, Ortega only proffers three references to sleep in the record, and one such reference undermines Ortega's argument in that it states that Ortega was sleeping through the night. Unlike *Smothers*, this case is akin to both *Johnson* and *Humbles* where the Tenth Circuit found a lack of evidence to support a substantial limitation. I find Ortega's claims of being substantially limited in sleeping to be insufficiently supported by the record. Thus, because Ortega failed to establish that she is disabled, SCC is entitled to summary judgment on Ortega's ADA claim.

Ortega is also not disabled under the CADA for similar reasons. "The ADA and the CADA are, essentially, parallel statutory schemes that address disability discrimination." *Fleites v. Pueblo Med. Investors*, LLC, No. 07-cv-2658-REB-MJW, 2008 WL 4371924, at *1 (D. Colo. Sept. 22, 2008). Thus, Colorado courts rely upon ADA case law in analyzing CADA claims. *See Gamble v. Levitz Furniture Co.*, 759 P.2d 761, 763–766 (Colo. App. 1988). However, the CADA has not been amended to broaden the class of conditions which constitute disabilities as the ADA was by the ADAAA in 2008. Therefore, the issue of whether Ortega's medical condition constitutes a "disability" under the CADA must be determined under pre-ADAAA case law.

Like the ADA, a disability under the CADA "means 'a physical impairment which substantially limits one or more of a person's major life activities . . . .'" *Ward v. Dep't of Natural Res.*, 216 P.3d 84, 94 (Colo. App. 2008) (quoting C.R.S. § 24–34–301(2.5)(a) (2007)). Here, as with the ADA, Ortega has not shown that her conditions substantially limit one or more major life activities. Thus, SCC is entitled to summary judgment on Ortega's CADA claim.

      B.    <u>Whether Summary Judgment is Proper on Ortega's Intentional Infliction of Emotional Distress Claim</u>

Ortega also asserts a claim for intentional infliction of emotional distress.  Under Colorado law, outrageous conduct and intentional infliction of emotional distress are "one and the same" or two different names for the same claim.  *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120, 1125 (D. Colo.1999).  An outrageous conduct claim can be based on invidious discrimination and denigrating behavior by an employer, particularly when the behavior leads to the termination of the plaintiff-employee.  *Id.*  The elements of outrageous conduct are: (1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress.  *McCarty v. Kaiser–Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo. App. 2000).  However, to prevail on this claim, Ortega must meet an extremely high standard.  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753, 756 (1970).

Ortega bases her claim on the conduct of her co-worker at SCC, Ms. Rozmiarek. Ortega states that Rozmiarek subjected her to a "purposeful campaign of harassment, stating demeaning statements about Plaintiff, sigh at her, be rude with her, she would intimidate her, and refuse to assist or to speak to her." (Resp. Mot. Summ. J. at 29).  It is also undisputed that Rozmiarek extended her middle finger or "flipped off" Ortega at one point.  While I agree that Rozmiarek's conduct was highly inappropriate, it is not the

type of insult or unkind act that is normally considered sufficient to constitute outrageous conduct. Certainly, discriminatory acts can be so egregious as to constitute outrageous conduct. *See Pearson v. Kancilia*, 70 P.3d 594 (Colo. App. 2003). However, "the level of outrageousness required to create liability is extremely high. Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient." *Id.* at 597. I conclude that Rozmiarek's unkind treatment toward Ortega and single, offensive gesture are circumstances of "mere" insult, and no reasonable jury could conclude that the conduct is "so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999), that it rises to the level of outrageous conduct. *See id.* Therefore, summary judgment is properly entered in favor of SCC on this claim.

      C.    <u>Whether Summary Judgment is Proper on Ortega's Negligent Hiring, Retention, and Supervision Claim</u>

Finally, Ortega claims that SCC is liable for negligent hiring, retention and supervision because it knew or should have known that Rozmiarek, who was assigned to train Ortega, harassed, intimidated, and abused Ortega during her employment. Under Colorado law, "[a]n employer may be liable for harm to others for negligently employing an improper person for a task which may involve a risk to others." *Moses v. Diocese of Colorado*, 863 P.2d 310, 323-24 (Colo. 1993). After a careful review of the record, and as summarized above, Ortega has failed to submit any record evidence to support her contention that Rozmiarek caused her harm or that SCC knew or should have known that Rozmiarek posed a risk to her or other SCC employees. Other than

Ortega's complaints that Rozmiarek was unkind and dismissive, there is no evidence that Rozmiarek had any previous disciplinary problems or misconduct while working at SCC that would have given SCC knowledge that she posed a risk to other employees. Accordingly, I find that summary judgment is also appropriate on Ortega's negligent hiring, retention and supervision claim.

IV.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 32) is **GRANTED**.  Accordingly, this case is **DISMISSED**, and Judgment shall enter in favor of Defendant SCC and against Plaintiff Ortega on all claims.  It is

FURTHER ORDERED that Defendant SCC is **AWARDED** its costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is

FURTHER ORDERED that the Final Trial Preparation Conference set for August 6, 2015 and the jury trial set to commence August 24, 2015 are **VACATED**.

Dated:  January 20, 2015

          BY THE COURT:

          s/ Wiley Y. Daniel
          Wiley Y. Daniel
          Senior United States District Judge

.